**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEOPOLDO CARDENAS, | No. 11-35175 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-05602-RJB |
| v. | |
| ELDON VAIL, Secretary; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted September 10, 2012[**]

Before:     WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Leopoldo Cardenas, a Washington state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

violations of his First and Fourteenth Amendment rights.  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo. *Valdez v. Rosenbaum*, 302 F.3d 1039, 1043 (9th Cir. 2002). We affirm.

The district court properly granted summary judgment on Cardenas's due process claim because Cardenas had an adequate post-deprivation remedy under Washington state law. *See Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam) ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy."); *see also* Wash. Rev. Code §§ 72.02.045(3), 4.92.090.

The district court properly granted summary judgment on Cardenas's First Amendment claim because Cardenas failed to raise a genuine dispute of material fact as to whether the prison's mail handling policies were reasonably related to legitimate penological interests. *See Turner v. Safley*, 482 U.S. 78, 89-91 (1987) (discussing factors for determining whether regulation that impinges on First Amendment rights is reasonably related to legitimate penological interests).

The district court properly granted summary judgment on Cardenas's retaliation claim because Cardenas failed to raise a genuine dispute as to whether defendants' alleged harassment was "because of" his engagement in protected activity. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005) (to establish

retaliation, prisoner must demonstrate that the adverse action was taken because of the prisoner's protected activity).

Contrary to Cardenas's contention, the magistrate judge did not lack authority to issue recommendations on the summary judgment motions. *See* 28 U.S.C. § 636(b)(1).

**AFFIRMED.**